# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. FARRELL,

        Petitioner,

v.

        Case Nos. 18-C-1581
        and 16-C-934

REED RICHARDSON,

        Respondent.

## SCREENING ORDER

Petitioner Michael A. Farrell, who is currently serving a state sentence for three counts of repeated sexual assault of a child in violation of Wisconsin Statute § 948.025 and one count of exposing a child to harmful materials in violation of Wisconsin Statute § 948.11, filed a third petition for federal relief under 28 U.S.C. § 2254 on October 9, 2018. The judgment of conviction was entered on March 21, 2012, and was based on a Milwaukee County jury's guilty verdict on all four counts. Farrell filed his first petition for federal relief on September 24, 2015. Case No. 15-C-1154. That petition was dismissed without prejudice at Farrell's request so that he could exhaust his state court remedies as to several claims he sought to raise in this court. On July 18, 2016, Farrell filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. 16-C-934. Along with this petition, Farrell filed a motion to stay and administratively close the case pending exhaustion of state court remedies on three of his six claims. Given the relatively short time left on the one-year limitations period, the court granted Farrell's motion, stayed his petition, and administratively closed the case on August 2, 2016. Farrell then proceeded to exhaust his state court

remedies. Farrell has now filed a new petition which has been assigned Case No. 18-C-1581. Because it challenges the same conviction, and so as not to lose the earlier filing date, I have elected to treat the new petition as an amended petition in Case No. 16-C-934. Accordingly, the stay in that case is lifted and the clerk is directed to file the new petition in Case No. 18-C-1581 as an amended petition in Case No. 16-C-934.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Farrell's amended petition asserts several claims for federal relief. He first claims that his trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to cross-examine Dr. Kelly Hodges, the state's expert witness who was asked on direct examination about the absence of any physical evidence of the assaults alleged, and failing to call a defense expert. Ineffective assistance of counsel requires, first, a showing that counsel's performance was deficient. This means that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must show that "the deficient performance prejudiced the defense." *Id.*

2

Dr. Hodges testified that the vast majority of child victims of sexual assault had normal physical examinations because most did not immediately report the assault and the mucus membranes in the affected areas heal quickly. Case No. 18-C-1581, ECF No. 2-1 at 3, 5. The last assault to the alleged victim in Farrell's case occurred nine to ten months before it was reported. Farrell's trial counsel elected not to ask Dr. Hodges any questions. When asked at a hearing on Farrell's motion for post conviction relief why he chose not to cross-examine Dr. Hodges, counsel testified that he did not think cross-examining the doctor would be beneficial. Counsel testified that he thought she would be hostile to his cross-examination and that her credentials were unassailable. Dr. Hodges had explained why the absence of physical injuries was not surprising and counsel thought that her reasons were well supported by the record.

In addition, however, counsel offered as a reason for not cross examining Dr. Hodges his intent to cross-examine the examining nurse about those issues. He testified that he planned to cover it with the examining nurse because he believed she would not be as well prepared. In fact, it appears counsel testified that he did cross-examine the examining nurse and had reviewed that testimony with the jury in his closing. The problem with counsel's explanation is that the examining nurse did not testify at the trial. Only the child, her mother, a detective, Dr. Hodges, and the officer involved in locating Farrell testified. *Id.* at 17–18.

In addition to Farrell's trial counsel, nurse practitioner and professor Maureen Van Dinter testified about child sexual assaults. Although Van Dinter agreed with Dr. Hodges that most child sexual assault victims have normal physical examinations, she thought that in this case, there should have been observable injury. *Id.* at 4–7. As recounted by the Wisconsin Court of Appeals, Van Dinter testified that, "given the facts of this case, it would not be accurate to say there would be no

3

sign of an injury; instead, 'an accurate statement would be that in some situations – and the research definitely supports this – that you may see evidence of repeated trauma, particularly in the three to nine o'clock position, and that a careful examination would show that evidence.'" *Id.* at 7.

I am unable to determine from only the face of the petition and attached exhibits that Farrell is not entitled to relief on this basis. The court of appeals found that he had not established a claim for ineffective assistance of counsel because Dr. Hodges' testimony was reasonable and Van Dinter was assuming full penetration of Farrell's penis into the child's vagina, an assumption the trial court found unwarranted. Without a more complete view of the record, I am unable to say whether the state court's decision was either contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The claim for ineffective assistance of counsel for failing to cross-examine the state's expert and/or call a defense expert will therefore proceed.

Farrell also asserts a claim that his trial counsel committed perjury in a *Machner* hearing when, in explaining why he chose not to cross-examine Dr. Hodges, he stated that he decided instead to cover the issues concerning the absence of physical injury with the examining nurse. As noted above, the examining nurse never testified at trial. Farrell claims the assistant district attorney representing the state at the post conviction hearing compounded his trial attorney's errors by submitting "perjured proposed findings of fact and conclusions of law" that the judge later adopted.

Neither of these claims warrants further consideration. Counsel's erroneous testimony at the hearing on Farrell's post conviction motion, whether intentionally false or not, was clear from the record and had no impact on the state court decisions denying his motion. The claim that counsel's performance was constitutionally deficient will stand or fall on its own, regardless of his erroneous

4

testimony. And the claim that the assistant district attorney submitted perjured proposed findings of fact has no basis in the record. Farrell may disagree with the proposed findings, but that doesn't make them perjured. In any event, the court is responsible for its own findings of fact and conclusions of law. These claims will therefore be dismissed.

Farrell next challenges trial counsel's failure to offer argument in support of his motion to dismiss at the close of the state's case and the sufficiency of the evidence. Obviously, if the evidence was sufficient to support the jury's verdict, the first ground fails. As a result, the claim that counsel was ineffective in failing to offer argument is subsumed in the claim that the evidence was constitutionally insufficient. Insufficiency of the evidence can state a constitutional claim. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). As to this claim, too, I am unable to determine from the face of the petition and the attachments that Farrell is not entitled to relief. While it appears from the state court decisions attached to the petition that the state presented evidence from the child that Farrell sexually assaulted her and showed her a pornographic video, Farrell suggests that the child's testimony was patently incredible given the absence of physical evidence that he suggests should have been available to corroborate it if it was true. Without a more complete record, I am unable to assess this claim.

Farrell next claims that his attorney was ineffective in allowing the court to rely on inaccurate information in sentencing him. More specifically, he claims that the judge relied upon the victim's mother's testimony that when she telephoned to confront him about what he had done, he made a statement to the effect that he was "partying" or "whooping it up before I spend the rest of my life

5

in jail." Farrell contends that in fact, police reports show the statement to be that he intended to get drunk one last time "before he went to jail for something he didn't do." He contends his attorney was ineffective in failing to bring this to the attention of the sentencing court. He also contends the judge misstated the length of time over which the abuse allegedly occurred.

As a general rule, a criminal defendant has the due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972). "But not all inaccuracies deprive a defendant of due process; the incorrect information must be 'materially untrue.'" *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (quoting *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). I am unable to determine from just the petition and its attachments whether either statement was untrue and material. Accordingly, this claim will also go forward.

Next, Farrell claims his attorney was ineffective in failing to interview and call the state crime lab technicians who gathered evidence and tested it for the presence of DNA. Farrell argues that the fact that DNA evidence was apparently not found on some of the items taken by the technicians shows the victim's testimony was not credible. He claims his attorney was ineffective in failing to call these witnesses so they could explain the significance of their findings. Here, again, I am unable to conclude that Farrell is not entitled to relief as to this claim from my review of only the petition and its attachments. Accordingly, this claim will also proceed.

Farrell claims that his post conviction counsel was also ineffective to the extent he failed to raise these issues on direct appeal and in his post conviction motion. To the extent post conviction counsel failed to do so, Farrell can proceed on this claim as well. Farrell's claim that the Court of Appeals' decision constitutes a manifest injustice will not proceed, however, since this is simply a composite of his other claims.

In sum, Farrell may proceed on his claims of ineffective assistance of counsel involving (1) his trial counsel's failure to cross-examine the state's expert and/or call a defense expert; (2) trial counsel's failure to challenge inaccurate information relied upon by the sentencing court; (3) trial counsel's failure to call DNA technicians to address the significance of the absence of DNA evidence on the items tested; (4) trial counsel's failure to challenge the sufficiency of the evidence; and (5) post conviction counsel's failure to raise one or more of such issues on appeal or in a post conviction motion. All other claims are dismissed. Counsel for respondent remains free to seek dismissal of the surviving claims on grounds of exhaustion, procedural default, and on any other basis as counsel believes honestly supportable.

**IT IS THEREFORE ORDERED** that within 60 days of the date of this order Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 45 days following the filing of Respondent's answer within which to file a reply and/or supplement the memorandum he filed in conjunction with his petition. Respondent shall have 45 days thereafter, or 90 days from the filing of his answer, whichever is greater, within which to file a brief in opposition; and Petitioner shall have 30 days following the filing of Respondent's opposition brief within which to file a reply brief, if any. If Respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) Petitioner shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the Respondent copies of documents sent to the court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing (NEF) to the State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Finally, the stay previously entered in Case No. 16-C-934 is hereby lifted and the Clerk is

directed to file the new petition in Case No. 18-C-1581 as an amended petition in Case No. 16-C-934.  Case No. 18-C-1581 may be closed, and all further filings shall be in Case No. 16-C-934.

Dated this  29th  day of October, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court