UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. FARRELL,

    Petitioner,

v.                                  Case No. 16-C-934

REED RICHARDSON,

    Respondent.

# DECISION AND ORDER

Petitioner Michael A. Farrell, who is currently serving a state sentence for three counts of repeated sexual assault of a child in violation of Wisconsin Statute § 948.025 and one count of exposing a child to harmful materials in violation of Wisconsin Statute § 948.11, seeks federal relief from his state convictions pursuant to 28 U.S.C. § 2254. The petition was filed on July 18, 2016, but the case was stayed to allow Farrell to exhaust his state court remedies. Farrell asserts five claims of ineffective assistance of counsel in violation of the Sixth Amendment: (1) trial counsel's failure to cross-examine the State's expert and/or call a defense expert; (2) trial counsel's failure to challenge inaccurate information relied upon by the sentencing court; (3) trial counsel's failure to call DNA technicians to address the significance of the absence of DNA evidence on the items tested; (4) trial counsel's failure to challenge the sufficiency of the evidence; and (5) post-conviction counsel's failure to raise one or more of these issues on appeal or in a post-conviction motion. For the following reasons, the petition will be denied.

## BACKGROUND

Farrell was charged in the Circuit Court for Milwaukee County with three counts of repeated sexual assault of a child and one count of exposing a child to harmful materials in

violation of Wis. Stats. §§ 948.025 and 948.11, respectively. The criminal complaint alleged that Farrell had repeatedly sexually assaulted his victim in various ways over a period of twenty-seven months, beginning when the victim was six-and-one-half years old. In addition to the various assaults, Farrell also allegedly made the victim watch adult pornography. The charges grew out of comments the child made to classmates, who then reported the comments to school officials.

A trial was held over the course of three days in March 2012, and ultimately, the jury found Farrell guilty on all counts. At trial, the State called five witnesses: the then ten-year-old child who Farrell was accused of sexually assaulting, the child's mother, the doctor who conducted a forensic exam on the child, a detective who interviewed the child, and a police officer who was involved in locating Farrell at the time of his arrest. Dkt. No. 21-16, ¶ 2. Because there was no physical evidence of sexual assault from the medical examination performed on the child, the State offered testimony by Dr. Kelly Hodges about the frequency of finding discernable injuries in children when performing a sexual assault examination. Dr. Hodges told the jury that "[t]he vast majority of children that I exam[ine] who have been victims of sexual abuse have normal physical exams . . . . [T]he mantra is it's normal to be normal. That most victims of child sexual abuse have normal physical exams." Dkt. No. 21-7, ¶ 3. Farrell's counsel declined to ask Dr. Hodges any questions on cross-examination.

After Farrell was convicted and sentenced, he filed a post-conviction motion seeking a new trial and alleging ineffective assistance of trial counsel for his failure to cross-examine Dr. Hodges and challenge her testimony with another expert. At the *Machner* hearing, Farrell's trial counsel and Maureen Van Dinter, a distinguished nurse practitioner emeritus, testified. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). In explaining his decision to not cross-examine Dr. Hodges, Farrell's trial counsel testified that he thought that Dr. Hodges would

2

have been "hostile" to his cross-examination, and that Dr. Hodges' credentials were unassailable, such that cross-examination would not have been helpful to the defense. Dkt. No. 21-7, ¶ 7. Nurse Van Dinter testified that she would have expected to see physical evidence of such an assault. The trial court, after hearing this testimony, concluded that Farrell's trial counsel had not been deficient, as the decision to not cross-examine Dr. Hodges was a reasonable and strategic choice and Nurse Van Dinter's testimony was unreliable.

The Wisconsin Court of Appeals affirmed the decision of the trial court, agreeing that Farrell's counsel had not been deficient, but also concluding that Farrell had not shown prejudice. *Id.*, ¶¶ 8–9. The court of appeals noted that Farrell neither informed it of what questions trial counsel should have asked Dr. Hodges on cross-examination, nor did he explain how those questions and the answers to them would have created a reasonable probability of a different result. *Id.*

Next, the court of appeals determined that Farrell was not prejudiced by his trial counsel's failure to call an expert to rebut Dr. Hodges' testimony. Regarding the testimony of Nurse Van Dinter, the court of appeals determined that Van Dinter actually *agreed* with Dr. Hodges on the point being contested by Farrell. *Id.*, ¶ 12. Indeed, Van Dinter replied "[y]es" when asked if it was a true statement that "the great majority of sexual assault exams on children do come up with a finding of normal." *Id.*, ¶ 13. Nurse Van Dinter had also testified, however, that given the facts of the case, it would not be accurate to say that there would be no sign of an injury. The court of appeals noted that Nurse Van Dinter came to this conclusion based on "an assumption that Farrell repeatedly assaulted his victim by 'full penetration.'" *Id.*, ¶ 15. The trial court noted that the trial testimony would have been better characterized as "describing instances of sexual contact . . . and possible partial penetration . . . . [T]he totality of the testimony does not support the conclusion

3

that the [victim] sustained 'full penetration.'" *Id.* Thus, the court of appeals concluded that Van Dinter only offered a difference of opinion about the likelihood of visible injury in the case, "based on certain facts as she believed them to be." *Id.* Because her testimony was based on a "faulty premise," the court of appeals concluded that calling Van Dinter as an expert at trial would not have created a reasonable probability of a different result. *Id.*, ¶ 17.

In September 2016, Farrell filed a *pro se* Wis. Stat. § 974.06 motion, alleging that his post-conviction counsel was ineffective for not alleging that trial counsel performed ineffectively by: "(1) not presenting argument in support of the defense's motion to dismiss at the close of the State's case; (2) allowing the trial court at sentencing to rely on inaccurate information; and (3) not calling a state crime lab technician to provide testimony concerning which evidence was subjected to DNA testing." Dkt. No. 21-16, ¶ 10. The trial court denied the motion without a hearing, and the Wisconsin Court of Appeals affirmed. The court first noted that Farrell was barred from relitigating issues that were decided in his direct appeal, and thus, he could not pursue his claim that his trial counsel was ineffective for failing to cross-examine Dr. Hodges. *Id.*, ¶ 16. Next, the court of appeals concluded that Farrell's remaining claims were defaulted because they were not asserted on his first motion for postconviction relief and he failed to show that the new issues "were clearly stronger than the issues raised in his direct appeal." The court further concluded that in any event, Farrell had not demonstrated that he was prejudiced by trial counsel's or postconviction counsel's alleged failures to act. *Id.*, ¶ 18.

## ANALYSIS

### A. Standard of Review

This petition for federal relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only

4

when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the United States Supreme Court, or was "based on an unreasonable application of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 575 U.S. 312, 315–16 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

A state court decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" when it is so clearly incorrect that it would not be debatable among reasonable jurists. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." (internal quotations and brackets omitted)). The determination of a factual matter made by a state court is presumed to be correct, and that presumption can be overcome only by clear and convincing evidence. § 2254(e)(1); *Janusiak v. Cooper*, 937 F.3d 880, 888 (7th Cir. 2019) ("The petitioner must show by clear and convincing evidence that the findings were unreasonable."). Although habeas courts cannot "second-guess the reasonable decisions of state courts," *Renico v. Lett*, 559 U.S. 766, 779 (2010), "deference does not imply abandonment of or abdication of judicial review . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) ("[A] decision involves an unreasonable determination of facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence.").

5

This is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

**B. Trial Counsel's Failure to Cross-Examine Dr. Hodges or Call a Defense Expert**

Farrell first claims that the Wisconsin Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when adjudicating his ineffective assistance of counsel claim regarding his trial counsel's failure to cross-examine Dr. Hodges and call a defense expert. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under Strickland, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

In analyzing Farrell's claims that his trial counsel provided ineffective assistance, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different than asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101. And because the *Strickland* standard is a general one, the "range of reasonable applications is substantial." *Id.* at 105. Thus, adhering to

6

these standards, this court must "determine what arguments or theories supported . . . or could have supported, the state court's decision; and then [ ] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Id.* at 102.

Taking the cross-examination issue first, this court concludes that the Wisconsin Court of Appeals reasonably applied *Strickland*. The court of appeals first concluded that trial counsel was not deficient because he had made a reasonable, strategic choice to not cross-examine Dr. Hodges. Dkt. No. 21-7, ¶ 8. This strategic choice was based on trial counsel's belief that Dr. Hodges would be "hostile" to his cross-examination and that Dr. Hodges' credentials on the matter were "unassailable." *Id.*, ¶ 7. Under these circumstances, cross-examination might merely have emphasized the main point of Dr. Hodges' testimony—that physical evidence is rarely available in delayed reported child sexual assaults, and thus, the absence of such evidence is not itself evidence the assault did not occur. Because the court of appeals had to "indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," and because "there are countless ways to provide effective assistance in any given case," the court of appeals reasonably applied *Strickland* with regard to the deficiency prong. *Strickland*, 466 U.S. at 689.

The court of appeals then moved onto prejudice, finding that Farrell had failed to show that he was prejudiced by trial counsel's decision not to cross-examine Dr. Hodges. Dkt. No. 21-7, ¶ 9. Farrell, according to the court, had not provided examples of what questions trial counsel should have asked Dr. Hodges on cross-examination, nor did he explain how the answers to those unidentified questions would have created a reasonable probability of a different result. *Id.* Again, the court of appeals reasonably applied *Strickland*. On appeal, Farrell was required to show that

7

there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The court of appeals concluded that Farrell had failed to meet this burden, and thus, had failed to show prejudice. This was a reasonable application of *Strickland*.

Turning to Farrell's claim that trial counsel was ineffective for failing to call a defense expert, the court concludes that the Wisconsin Court of Appeals reasonably applied *Strickland* here, as well. The court of appeals assumed without deciding that trial counsel performed deficiently by not calling an expert, but nonetheless concluded that Farrell had again failed to demonstrate prejudice. Dkt. No. 21-7, ¶ 10. As noted above, Farrell urged that trial counsel should have called Maureen Van Dinter to testify at trial to rebut Dr. Hodges' testimony. But again, the court of appeals noted that Van Dinter actually agreed with Dr. Hodges on the point being contested by Farrell, that point being the assertion that child-victims of sexual assault generally have normal physical exams. *Id.*, ¶¶ 11–13. The court of appeals then discussed Van Dinter's position that, based on the facts of the case, there ought to have been some visible injury to the victim. But again, the court of appeals dismissed Van Dinter's position, finding that it was premised on the mistaken notion that Farrell's assaults involved "full penetration," despite the fact that the trial court characterized the trial testimony as illustrating "instances of sexual contact . . . and partial penetration." *Id.*, ¶ 15. Thus, the court concluded, Van Dinter's opinion on the likelihood of physical injury was based on facts that differed from those in the case. As a result, she did not render Dr. Hodges' opinion incorrect or inaccurate. *Id.* (citing *State v. Slagoski*, 629 N.W.2d 50, 54 (Wis. Ct. App. 2001)). Additionally, the Wisconsin Court of Appeals credited Dr. Hodges' experience in the field, saying it "far exceed[ed]" Van Dinter's, and ultimately concluded that calling Van Dinter would not have created a reasonable probability that the result would have

8

been different. *Id.*, ¶ 17. This too was a reasonable application of *Strickland*. It thus follows that Farrell is not entitled to relief on these grounds.

### C. The Remaining Alleged Failures of Trial Counsel

Farrell's remaining claims of deficient performance consist of trial counsel's failure to challenge the sufficiency of the evidence, to call DNA technicians to address the significance of the absence of DNA evidence on the items tested, and to challenge inaccurate information relied upon by the sentencing court. The court is unable to reach the merits of these claims, however, because they were procedurally defaulted in the state court system.

A criminal defendant "procedurally defaults" his claim—and loses his right to federal habeas review on that issue—if the last state court that issued judgment "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotation marks omitted). If that state procedural bar is independent and adequate to support the decision, a federal § 2254 petition does not provide a defendant who has procedurally defaulted his claim in state court another chance to litigate that defaulted claim in federal court. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (Under the "independent and adequate state ground" doctrine, a constitutional claim cannot be raised in a federal habeas petition if "a state-law default prevent[ed] the state court from reaching the merits of a federal claim . . . .").

In this case, the Wisconsin Court of Appeals held that Farrell's § 976.06 postconviction motion was procedurally barred by the rule set out in *State v. Escalona-Naranjo*, 517 N.W.2d 157 (1994). The *Escalona-Naranjo* doctrine provides that a ground for relief raised by the defendant in a later-filed § 974.06 motion may be summarily denied by the trial court without a decision on the merits of the claim if the ground for relief could have and should have been raised in the original, supplemental, or amended § 974.06 motion. *Kaprelian v. Tegels*, Case No. 14-C-618,

9

2017 WL 6514677, at *5 (E.D. Wis. Dec. 20, 2017). An appeal from a trial court's denial of a later-filed § 974.06 motion under the *Escalona-Naranjo* doctrine may be procedurally barred if the appellate court determines that the defendant could have raised the grounds for relief in a prior motion but did not, and there is no sufficient reason that excuses his failure to do so. *Id.* The Wisconsin Supreme Court has held that a claim of ineffective assistance of post-conviction counsel may present such a "sufficient reason" to overcome the procedural bar, but only if the defendant can show that "a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *State v. Romero-Georgana*, 2014 WI 83, ¶¶ 43–45, 360 Wis. 2d 522, 849 N.W.2d 668. The Seventh Circuit has similarly noted that "[a]ppellate lawyers are not required to present every nonfrivolous claim on behalf of their clients—such a requirement would serve to bury strong arguments in weak ones—but they are expected to 'select[ ] the most promising issues for review.'" *Shaw v.* Wilson, 721 F.3d 908, 915 (7th Cir. 2013) (quoting *Jones v. Barnes*, 463 U.S. 745, 752–53 (1983)).

Here, the Wisconsin Court of Appeals noted that Farrell could have asserted these claims in his prior postconviction motion and direct appeal but he failed to do so. The court also concluded that none of the claims Farrell belatedly asserted were clearly stronger than the claims that were initially presented by counsel. Dkt. No. 21-16, ¶ 29. Thus, the court of appeals concluded that Petitioner had not established that his post-conviction counsel was ineffective, and therefore, he had not established a basis to overcome the *Escalona-Naranjo* procedural bar. *Id.* The court went on to hold, however, that even if those claims were considered on their merits, Farrell was not entitled to relief because he failed to allege facts sufficient to show prejudice.

The court's decision constitutes a reasonable application of *Strickland*. As for trial counsel's failure to offer argument in support of his pro forma motion to dismiss at the close of

10

the state's case, the court noted that no prejudice could be shown since the State had presented more than a prima facie case. The victim's testimony alone provided sufficient evidence for the jury to convict. Dkt. No. 21-16, ¶¶ 19–20. On the claim that counsel had erred in failing to investigate DNA evidence, the court noted that Farrell's motion failed to explain what information would have been found and how it would have affected the verdict. *Id.*, ¶ 28. As to Farrell's claim that counsel was ineffective in failing to challenge misinformation at sentencing, the court concluded that no error was shown or the alleged error was not material. The alleged misinformation either involved disputed evidence or was unlikely to have had any impact on the sentence imposed. Finally, having failed to establish any error by trial counsel, Farrell's claim of ineffective assistance of postconviction counsel necessarily fails as well.

## CONCLUSION

For these reasons, the court concludes that Farrell is not entitled to relief under § 2254. The decisions of the Wisconsin Court of Appeals denying Farrell's claims are not contrary to and do not constitute unreasonable applications of clearly established federal law. Those decisions are also based upon reasonable factual determinations in light of the evidence produced during the state court proceedings. Farrell's petition for relief under 28 U.S.C. § 2254 is therefore **DENIED**. Farrell's motion for leave to amend his response (Dkt. No. 31) is **GRANTED**. The clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would believe that Farrell has made a substantial showing of the denial of a constitutional right.

Farrell is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event

Farrell decides to appeal, he should also request that the court of appeals issue a certificate of appealability.  Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 28th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
